UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
ABRAHAM NATURAL FOODS CORP,

        Plaintiff,

  -against-                                    MEMORANDUM AND ORDER
                                                      05 - CV - 4824

MOUNT VERNON FIRE INSURANCE
CO., et al.

        Defendant.

---------------------------------------------------x

GLASSER, United States Senior District Judge

The plaintiff has moved to stay three motions to dismiss the Amended Complaint, the first filed by defendants Combined Underwriting Agency Network and Paul Christofoletti (collectively, "Combined"), the second by defendants United States Liability Insurance Group, Jay Keppol, Tim Hannigan and John Doe 6 (collectively, "USLIG"), and the third filed by defendants International Underwriting Agency and Erin K. Bak (collectively, "IUA"). The plaintiff argues that these motions should be stayed pending the Court's resolution of defendant Modern Insurance Agency and Ok Z. Kim's (collectively, "Modern") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and the plaintiff's cross-motion to remand the case to state court pursuant to 28 U.S.C. § 1447(e). For the reasons stated below, the plaintiff's motion is granted.

This action was commenced in state court and removed to this court on diversity jurisdiction grounds on October 13, 2005. The initial complaint named only the Mount

1

Vernon Fire Insurance Corporation ("Mount Vernon"), a Pennsylvania corporation with its principal place of business in Wayne, Pennsylvania, as a defendant. On September 29, 2006, the plaintiff sought leave to amend its complaint to add several other defendants, on the basis of information discovered in the defendant's discovery responses and at the deposition of the plaintiff's president, Mun Sok Suh. Mount Vernon consented to the amendment. The plaintiff filed an Amended Complaint on November 7, 2006,[1] adding all of the defendants noted above. The Amended Complaint alleges, and the defendants do not contest, that defendant Modern is a New York business entity[2] with its principal place of business in Flushing, New York; that defendant IUA is a New York business entity[3] with its principal place of business in Flushing, New York; that defendant Combined is a New York business entity[4] with its principal place of business in either Flushing, New York, New York, New York, or

---

[1] For purely technical reasons involving an error in entering the Amended Complaint into the Court's Electronic Case Filing system, the plaintiff was subsequently permitted to delete and re-file the Amended Complaint on December 26, 2006.

[2] The Amended Complaint alternatively alleges that defendant Modern is a sole proprietorship, a corporation, a partnership, and an unnamed "business entity." Am. Compl. ¶¶ 3-6. Because there appears to be no dispute that Modern is a business entity organized under the laws of the State of New York, with its principal place of business in New York, Modern's precise legal status is not relevant to this motion. The Court questions how the plaintiff could make these inconsistent and mutually exclusive pleadings in good faith on information and belief, and notes that a better practice would have been either to inquire as to Modern's legal status prior to filing the Amended Complaint so as to plead that fact with some confidence, or to refer to Modern simply as a "business entity," which obviously would encompass all of the legal structures noted in paragraphs 3-5 of the Amended Complaint.

[3] As is the case with Modern, the Amended Complaint alleges alternatively that IUA is a sole proprietorship, a corporation, a partnership, and a business entity. Am. Compl. ¶¶ 8-11.

[4] Once again, the plaintiff pleads in the alternative that Combined is a sole proprietorship, a corporation, a partnership, and a business entity. Am. Compl. ¶¶ 14-17. The Amended Complaint also variously identifies Combined's principal place of business as Flushing, New York, New York, New York, or Hempstead, New York. Compare Am. Compl. ¶¶ 14-17 with Am. Compl. ¶ 20.

Hempstead, New York; and that defendant USLIG is a Pennsylvania business entity[5] with its principal place of business in Wayne, Pennsylvania.

Defendants Modern, Combined, and IUA have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court no longer has subject matter jurisdiction over this action because the addition of the New York defendants by the Amended Complaint has eliminated the complete diversity required for diversity jurisdiction. Defendant USLIG has also moved to dismiss the action on the merits, but did not raise the issue of subject matter jurisdiction. In response to Modern's motion, the plaintiff submitted a cross-motion, conceding the absence of federal jurisdiction and seeking remand of this case to state court pursuant to 28 U.S.C. § 1447(e). Magistrate Judge Levy has set briefing schedules for the various motions to dismiss, pursuant to which the parties are required to submit opposition and reply briefs to all motions within the next month.

The plaintiff now seeks an order of this Court staying the motions to dismiss, except for Modern's motion and the plaintiff's cross-motion, until the Court has ruled on Modern's motion and the plaintiff's cross-motion and has determined whether to grant the plaintiff's request to remand the case. The plaintiff argues that a stay of the other motions would "spare the time and efforts of the parties and the Court, since if the motion is granted, then this Court would not be able to decide subsequent motions to dismiss," and represents that all of the defendants except Mount Vernon and USLIG[6]

---

[5] As with the prior defendants, the Amended Complaint alleges that USLIG is a sole proprietorship, a corporation, a partnership, and a business entity. Am. Compl. ¶¶ 24-27.

[6] Mount Vernon and USLIG are represented by the same counsel, and their interests are aligned for purposes of this motion.

consent to the requested stay.  Letter from Danbee Kim, dated May 30, 2007, at 2.
Counsel for Mount Vernon and USLIG submitted a letter in opposition to the plaintiff's
request, arguing that the claims against the New York defendants should be severed and
remanded to state court, while allowing the remainder of this action against Mount
Vernon and USLIG to remain in federal court.  Counsel represents that, although Mount
Vernon did consent to the filing of the Amended Complaint, it was not aware at the time
that the amendment would destroy diversity, and that it would have "vehemently
objected" to the amendment had it been aware of that fact.[7]  Letter from Adam I.
Kleinberg, dated May 31, 2007.

     It is abundantly clear from the face of the Amended Complaint that this Court
lacks subject matter jurisdiction over this action as it is presently constituted.  The only
viable question at this point in the proceedings is whether to dismiss the action pursuant
to Rule 12(b)(1), remand the case to state court pursuant to 28 U.S.C. § 1447(e), or sever
the claims against the non-diverse defendants.  Further briefing on the merits of the
parties' non-jurisdictional arguments would be a waste of effort for all involved until the
jurisdictional issue can be resolved.  Moreover, it is clear that under none of the
scenarios noted above will this Court have jurisdiction to address the merits-based
motions to dismiss of Combined and IUA, and it will have jurisdiction over the action
against USLIG and Mount Vernon only if it decides to permit those parties,
notwithstanding Mount Vernon's initial consent to the Amended Complaint, to

---

[7] USLIG also notes that the plaintiff has cited no federal or local rule authorizing the relief it seeks.  However, it is indisputable that this Court has inherent authority to issue a stay of proceedings when it determines that the interests of justice and economy would be thereby served.  See Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

retroactively object to the joinder of the non-diverse parties and grants their request to sever the claims against those parties. The plaintiff's motion to stay all pending motions except Modern's motion to dismiss and the plaintiff's cross-motion to remand is therefore GRANTED in the interests of economy. Any party that wishes to object to the plaintiff's cross-motion to remand is free to file a brief in opposition to that motion pursuant to the schedule previously set by Magistrate Levy.

SO ORDERED.

Dated: Brooklyn, New York
June 1, 2007

_____/s/_____

I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

**Counsel for the Plaintiff**

Daniel Dong Min Kim
Law Offices of Daniel D. Kim P.C.
170 Broadway
Suite 809
New York, NY 10038

Danbee Kim
Law Offices of Daniel D. Kim
121 W Central Boulevard
Palisades Park, NJ 07650

**Counsel for the Defendants**

For Mount Vernon Fire Insurance Company, United States Liability Insurance Group, Tim Hannigan, Jay Keppol, and John Doe 1-6

Eric B. Stern
Miranda Sokoloff Sambursky Slone Verveniotis LLP
240 Mineola Blvd.
Mineola, NY 11501

Steven Verveniotis
Miranda Sokoloff Sambursky Slone Verveniotis LLP
240 Mineola Boulevard
Mineola, NY 11501

Adam Kleinberg
Miranda Sokoloff Sambursky Slone Verveniotis LLP
240 Mineola Blvd.
Mineola, NY 11501

For International Underwriting Agency and Erin M. Bak

Paul R. McDougal
Walsh, Markus, McDougal & DeBellis, LLP
229 Seventh Street
Garden City, NY 11530

For Combined Underwriting Agency Network, Combined Underwriting Agency Network, Inc., and Paul Christofoletti

Andrew L. Margulis
Ropers, Majeski, Kohn & Bentley, P.C.
17 State Street
Suite 2400
New York, NY 10004

Geoffrey William Heineman
Ropers Majeski Kohn & Bentley
17 State Street
Suite 2400
New York, NY 10004

Eric Corey Weissman
Ropers Majeski Kohn & Bently
17 State Street
Suite 2400
New York, NY 10004

<u>For Modern Insurance Agency and Ok Z. Kim</u>

Charles Myungsik Yoon
Yoon, Suh, Kim & So LLP
11 East 44th St, 14th Fl
New York, NY 10017